# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50007/50008/50009/50010/50011

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: August 23, 2023 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| ANTHONY NATHANIEL BARRERA, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge.

Judgments of conviction and aggregate unified sentence of fifty years, with a minimum period of incarceration of fifteen years, for four counts of rape, kidnapping in the second degree, domestic battery, and sexual abuse of a child under sixteen, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and MELANSON, Judge Pro Tem

---

PER CURIAM

This appeal involves five consolidated cases. The parties reached a global plea agreement wherein Barrera would plead guilty to some charges and the State would dismiss the remaining charges and three other cases. In Docket No. 50007, Barrera pleaded guilty to rape, Idaho Code § 18-6101(4),(5) and/or (6), and the district court imposed a unified fifty-year sentence, with a minimum period of incarceration of fifteen years. In Docket No. 50008, Barrera pleaded guilty to rape, I.C. § 18-6101(1), and the district court imposed a unified fifty-year sentence, with a minimum period of incarceration of fifteen years. In Docket No. 50009, Barrera pleaded guilty to

1

rape, I.C. § 18-6101(4) or (5); kidnapping in the second degree, I.C. §§ 18-4501(a), -4503; and domestic battery, I.C. §§ 18-903(a), -918(3)(b). The district court imposed a unified fifty-year sentence, with a minimum period of incarceration of fifteen years; a unified twenty-five-year sentence, with a minimum period of incarceration of fifteen years; and six months of jail respectively. In Docket No. 50010, Barrera pleaded guilty to sexual abuse of a child under sixteen years of age, I.C. § 18-1506, and the district court imposed a determinate term of ten years. In Docket No. 50011, Barrera pleaded guilty to rape, I.C. § 18-6101(1), and the district court imposed a determinate term of ten years. All sentences were ordered to run concurrently. Barrera received an aggregate sentence of fifty years, with fifteen years determinate. Barrera appeals, contending that his sentences are excessive either individually or in the aggregate.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Barrera's judgment of convictions and sentences are affirmed.